UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANNA SHTEERMAN,

           Plaintiff,

    - against -

CITY AND COUNTY OF SAN
FRANCISCO, *et al.*,

           Defendants.
------------------------------------------------------------X

**TRANSFER ORDER**
25-CV-1298 (NRM) (TAM)

**NINA R. MORRISON**, United States District Judge:

    Plaintiff Anna Shteerman, a resident of Brooklyn, New York, appearing *pro se*, filed this action pursuant to the Court's federal question and diversity jurisdiction, 28 U.S.C. §§ 1331-1332, concerning real property located in San Francisco, California and against Defendants who are located in San Francisco, California.  Compl., ECF No. 1.  Plaintiff paid the filing fee of $405 to commence this action.  Filing Fee Receipt, ECF No. 2.  By Order dated March 18, 2025, the Court directed Plaintiff to SHOW CAUSE in writing why this action should not be transferred to the United States District Court for the Northern District of California.  On April 2, 2025, Plaintiff requested more time to file a response.  ECF No. 9.  The Court extended her deadline to April 18, 2025.  On April 16, 2025, Plaintiff filed a Response to the Court's Order.  Pl. Response, ECF No. 10.

    A transfer under § 1406(a) may be made upon motion or by a court *sua sponte*. *See Pisani v. Diener*, No. 07-CV-5118, 2009 WL 749893, at *8 (E.D.N.Y. Mar. 17, 2009) (collecting cases).  Even if venue were proper here, the Court may transfer

claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); *Nova Nordeplast Industria E Comercio De Plasticos LTDA. v. JP Morgan Chase & Co.*, No. 23-CV-3429, 2024 WL 1346535, at *3 (E.D.N.Y. Mar. 29, 2024). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Venue is governed by 28 U.S.C. § 1391(b) which provides that an action may brought in the "judicial district in which any defendant resides," or "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." If an action is filed in the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff argues that venue is proper in this Court because the harm occurred here: she paid notices and fines in New York, paid attorney fees in New York, suffered loss of rental income and emotional distress in New York, and managed the property sale in New York. Pl. Response, ECF No. 10, at 3–4. She also says that litigating the case in San Francisco will be burdensome for her. *Id.* at 4. She also repeats the allegations that the City of San Francisco and the court system there are biased against her. *Id.* at 4–6. However, because all the Defendants are located in San Francisco, California, a substantial part of the events giving rise to the action occurred in San Francisco, California, and the property at issue is located in San

Francisco, California venue is proper in the Northern District of California. 28 U.S.C. § 84(a).[1]

## CONCLUSION

Accordingly, the Court directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of California. *See* 28 U.S.C. § 1406(a). In light of this Order, Plaintiff's motion for an extension of time to submit evidence in this Court is DENIED. Pl. Response, ECF No. 10, at 7. Plaintiff's remaining motions are reserved for the Northern District of California. *See* ECF Nos. 5, 7.

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Plaintiff and note the mailing on the docket.

SO ORDERED.

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: April 22, 2025
  Brooklyn, New York

---

[1] The Northern District of California includes the county of San Francisco. *See* 28 U.S.C. § 84(a).