UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA MISHINA SHTEERMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-03758-RFL<br><br>**ORDER RE SERVICE OF PROCESS**<br><br>Re: Dkt. No. 34 |

　　　　Plaintiff Anna Shteerman, who is representing herself, has filed a complaint naming the City and County of San Francisco ("City"), Sotheby's International Reality [*sic*] San Francisco Brokerage (together with City, "Entity Defendants"), and numerous Individual Defendants. (Dkt. No. 1.) To date, Shteerman has not filed a valid proof of service of her Complaint on any Defendant, and no Defendant has appeared. In an October 19, 2025 filing, Shteerman states that she has served subpoenas on the Entity Defendants, seeking the addresses of the Individual Defendants so that she may serve them. (Dkt. No. 34.) Shteerman states that the Entity Defendants have not adequately responded to the subpoenas, and she asks the Court to compel production, permit alternative service, and impose fees for failure to respond.

　　　　The Court construes Steerman's filing as a request for early discovery to allow her to serve the Individual Defendants.[1] Federal Rule of Civil Procedure 26(d)(1) requires a court order for discovery that is requested prior to a Rule 26(f) conference between the parties. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order."). "Generally, courts within the Ninth Circuit apply a 'good cause' standard to determine whether to permit such early discovery." *Bright Sols. for Dyslexia, Inc. v. Doe 1*, No. 15-cv-01618-JSC, 2015 WL 4776113,

---

[1] The request to authorize alternative service is denied, without prejudice, for the reasons explained in the Court's prior order. (Dkt. No. 33.)

1

at *2 (N.D. Cal. Aug. 13, 2015) (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice of the responding party." *Id.*

Shteerman appears to be making a good faith effort to take steps to serve the Individual Defendants, and needs their addresses to complete such service. At the same time, there may be practical solutions that will enable service to be completed more efficiently on the Individual Defendants once the Entity Defendants have appeared in the matter. For example, if the Entity Defendants' counsel will also be representing the Individual Defendants, they might accept service to avoid process servers at the Individual Defendants' personal residences. Accordingly, the Court will modify its prior order to require service only on the Entity Defendants, for now, and will stay the requirement for service on the Individual Defendants. Once the Entity Defendants have been served and appear, a status conference will be set to discuss service on the Individual Defendants, if the parties cannot reach agreement on that issue.

Accordingly, Shteerman's motion for early discovery is **DENIED** without prejudice to being renewed after the Entity Defendants have appeared. The deadline to serve the Individual Defendants is **STAYED**. The Court finds good cause to further extend the deadline for Shteerman to serve the summons and Complaint on the Entity Defendants to **December 15, 2025**. Any further extension will be granted only upon a showing of good cause. Fed. R. Civ. P. 4(m). Shteerman shall also serve this Order on the Entity Defendants together with the summons and Complaint.

**IT IS SO ORDERED.**

Dated: October 22, 2025

RITA F. LIN
United States District Judge