UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA MISHINA SHTEERMAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No.  25-cv-03758-RFL<br><br>**ORDER RE SERVICE OF PROCESS**<br><br>Re: Dkt. No. 36 |

　　　　Plaintiff Anna Shteerman, who is representing herself, was given until December 15, 2025 to complete service of process on Entity Defendants.  (Dkt. No. 35.)  On November 8, 2025, Shteerman submitted an affidavit and supporting documents stating that she served the summons, complaint, and the documents required under Civil Local Rule 4-2 on Entity Defendants via certified mail, return receipt requested.  (Dkt. No. 36.)

　　　　Rule 4(h) provides for two methods of service on domestic corporations, partnerships or associations.  First, these types of entities may be served is "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(1)(B).  Second, they may be served, in accordance with Rule 4(e)(1), by following the law of the state where the district court is located or of the state where service is effected.  *Id.* 4(h)(1); *see also Sears v. Cnty. of Monterey*, No. 11-cv-01876-SBA, 2012 WL 368688, at *15 (N.D. Cal. Feb. 3, 2012).  The same requirements apply with respect to service on state and local governments.  Fed. R. Civ. P. 4(j).

　　　　Under Cal. Code Civ. P. § 415.30, service by mail is permitted within California, but must be sent "together with two copies of the notice and acknowledgment provided for in

subdivision (b) [of the Section] and a return envelope, postage prepaid, addressed to the sender." If the acknowledgement is not returned, service must be completed in another manner, such as by personal service.  The Federal Rules of Civil Procedure contain a nearly identical requirement to request waiver of service within the United States.  Fed. R. Civ. P. 4(d).  "[A] postal service return receipt does not suffice as a substitute for an executed acknowledgement of receipt of summons." *Tandy Corp. v. Superior Ct.*, 173 Cal. Rptr. 81, 82 (Cal. App. 1981); *Quansah v. Mun. Ct. of State of Cal.*, 131 F.3d 147 (9th Cir. 1997) (same).

The evidence submitted by Shteerman does not comply with the requirements for service by mail under California law, or for seeking waiver of service under the Federal Rules. Steerman does not state that she included the necessary acknowledgement document or the prepaid return envelope.  Furthermore, Entity Defendants would also be required to return the acknowledgment before service would be considered complete.  Finally, Shteerman does not show that she has attempted personal service on Entity Defendants via a process server or other person who is at least 18 years old and not a party to the litigation.

For good cause shown, Shteerman's deadline to serve Entity Defendants is extended to **January 15, 2026**.  Her deadline to serve the Individual Defendants remains stayed.  Standard court forms for notice and acknowledgment of service (California courts) or waiver of service (federal court) are available online.  As an unrepresented litigant, Shteerman may seek free assistance from the Northern District's Legal Help Center.  She can make a telephone appointment by calling (415) 782-8982 or emailing fedpro@sfbar.org.  At the Legal Help Center, she may speak with an attorney who may be able to provide free basic legal help but not representation.

**IT IS SO ORDERED.**

Dated:  November 25, 2025

_____
RITA F. LIN
United States District Judge