UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANNA MISHINA SHTEERMAN,

Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

Defendants.

Case No. 25-cv-03758-RFL

**ORDER DENYING PLAINTIFF'S MOTION TO LIFT DISCOVERY STAY**

Re: Dkt. No. 87

Plaintiff Anna Shteerman, who is representing herself, moves to lift the discovery stay that was imposed pending rulings on Defendants' dispositive motions. (Dkt. No. 68 ("Stay Order"); Dkt. No. 87 ("Discovery Motion").) Specifically, she seeks a series of documents concerning Defendant Brendan Dwyer, allegedly the purchaser of Shteerman's property: (1) an ALTA Settlement Statement, (2) a photo of the buyer's ID used at closing, (3) a Residential Purchase Agreement, (4) three years of Sotheby's Defendants' communications with Defendant Brendan Dwyer, and (5) San Francisco Planning Information Map ("SF PIM") database records and access logs. Shteerman states that she needs these documents to resolve the question of whether the buyer Brendan Dwyer is the same Brendan Dwyer who is employed by the San Francisco Mayor's Office of Housing and Community Development. Because Shteerman has not shown good cause to conduct limited discovery, the motion is **DENIED**.

Because discovery has been stayed and the Rule 26(f) conference has not yet occurred, Shteerman must show good cause, which exists when "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002). Courts in the Ninth Circuit have allowed early discovery when a defendant's identity is unknown. *See Megaupload, Ltd. v. Universal Music Grp., Inc.*, No. 11-cv-6216-JSC, 2012 WL 243687, at *2

(N.D. Cal. Jan. 25, 2012).

Shteerman has not shown good cause for lifting the discovery stay. She concedes in her motion that "the existing record already establishes [Defendant Dwyer]'s identity through five independent public sources," including Defendant Dwyer's declaration in this litigation. (*See* Dkt. No. 87 at 1;[1] Dkt. No. 79 ¶ 4.) Therefore, Shteerman does not need expedited discovery to identify Defendant Dwyer at this stage of the case. *See Megaupload,* 2012 WL 243687, at *2 (denying expedited discovery because plaintiff was aware of at least one defendant's identity). Shteerman also does not establish good cause because her requests are overbroad. For example, she seeks approximately three years of communications between Defendants to "prove coordination between enforcement actors and the buyer," but does not explain why such a broad request is necessary to identify Defendant Dwyer. (*See* Dkt. No. 87 at 5.)

Courts have also permitted early discovery when there is ongoing harm or the evidence sought is at risk of destruction or loss. *See Megaupload,* 2012 WL 243687, at *3. Shteerman's request for SF PIM database logs rests on her assertion that records were deleted after this litigation began. In their opposition to the Discovery Motion, City Defendants attribute Shteerman's inability to locate the records to user error, and argue that searching for nonexistent deletions or unspecified "modifications" would impose a substantial burden without advancing the litigation, given the pending dispositive motions. (*See* Dkt. No. 96 at 4.) Shteerman does not present any contrary evidence. On the existing record, Shteerman has not demonstrated ongoing harm or likely destruction of evidence, so the likely burden of these requests outweighs their limited utility. Accordingly, Shteerman's motion to lift the discovery stay is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 17, 2026

RITA F. LIN
United States District Judge

[1] Citations to page numbers refer to ECF pagination.