UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA MISHINA SHTEERMAN,<br>Plaintiff,<br>v.<br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br>Defendants. | Case No. 25-cv-03758-RFL<br>**ORDER ON MOTIONS FOR JUDGMENT ON THE PLEADINGS AND TO DISMISS**<br>Re: Dkt. Nos. 77, 97 |

Plaintiff Anna Shteerman, who is representing herself, filed this action against Defendants City and County of San Francisco ("City") and individual city officials and employees (together, "City Defendants"), as well as Sotheby's International Realty, Inc.[1] and its agent Edward Beggs (together, "SIR Defendants"). (Dkt. No. 1 ("Compl.") The Complaint alleges that between 1998 and 2021, Shteerman owned a two-family dwelling at 185–187 19th Avenue in San Francisco. (*Id.* at 2–3.)[2] Starting in 2015, City Defendants allegedly began "harassing" Shteerman with "unlawful" fines and fees and "baseless" notices of code violations, and other misconduct, ultimately leading to a "forced" sale of the property on March 11, 2021. (*Id.* at 3, 22–23.) She alleges that the sale was to a City employee, Defendant Brendan Dwyer. (*Id.* at 3, 23.) The Complaint attaches what is allegedly documentation of "fabricated" notices of violation issued between 2015 and 2021, as well as Shteerman's responses to the notices. (*Id.* at

[1] Defendants state that this entity is the correct party and Sotheby's International Realty - San Francisco Brokerage was erroneously sued, which Shteerman does not appear to contest.

[2] Citations to page numbers refer to ECF pagination.

24–27.) Based on these factual allegations, Shteerman asserts claims under 42 U.S.C. § 1983 for theft, violation of due process and equal protection, discrimination and defamation, fraud and breach of duty, and a takings violation. (*Id.* at 3–4.) She also asserts California state law claims under Cal. Penal Code § 487 and Cal. Civil Code §§ 51, 45, 1709, 2079.16. (*Id.*) The City and SIR Defendants move for judgment on the pleadings, and individual City Defendants move to dismiss the Complaint on several grounds,[3] including that all claims are barred by the applicable statutes of limitations. (Dkt. Nos. 77, 97.)

Under Federal Rule of Civil Procedure 12(b)(6) or (c), a claim may be dismissed "on the ground that it is barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (citation modified); *see also Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (stating that Rule 12(b) and Rule 12(c) motions are "functionally identical"). Shteerman's claims must be dismissed because they are facially time-barred. The parties agree that Shteerman's Section 1983 claims are subject to a two-year statute of limitations. (Dkt. No. 77 at 18 (citing Cal. Code Civ. Proc. § 335.1); Dkt. No. 83 at 24.) Assuming for purposes of this order that each of Shteerman's state law claims is brought pursuant to a valid private right of action, the statute of limitations for those claims ranges from one to three years.[4] A claim accrues, and the statute of limitations begins to run, "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (citation modified). "A cause of action accrues even if the full extent of the injury is not then known,"

---

[3] City Defendants raise an Article III standing challenge, but that challenge is intertwined with the merits of Shteerman's claims and involves disputed issues of fact that preclude dismissal on the existing record at this stage of the case. *See Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134, 1144 (9th Cir. 2024).

[4] Cal. Penal Code § 487 (three year statute of limitations under Cal. Penal Code § 801); Cal. Civil Code § 45 (one year under Code of Civ. Pro. § 340(c)); Cal. Civil Code § 51 (three years, *see Wallace v. John Stewart Co.*, No. 25-cv-04433-WHO, 2026 WL 1295053, at *4 (N.D. Cal. May 11, 2026) (collecting cases)); Cal. Civil Code §§ 1709, 2079.16 (three years under Cal. Code Civ. P. § 338(d)).

*Gregg v. State of Hawaii DPS*, 870 F.3d 883, 887 (9th Cir. 2017) (citation modified), and "[t]he discovery rule requires the plaintiff to be diligent in discovering the critical facts of the case." *Klein v. City of Beverly Hills*, 865 F.3d 1276, 1278 (9th Cir. 2017) (per curiam).[5]

As pled, Shteerman's claims accrued in 2021 when she was forced to sell her property due to the alleged coordinated strong-arm tactics of the City Defendants. At the time of the sale, Shteerman was allegedly well aware that she was being subjected to what she believed to be baseless complaints and unlawful fines. The Complaint contains documents that allegedly show her efforts to dispute the notices and associated fines at the time they were levied. (Dkt. No. 1 at 24–27.) Therefore, as alleged, Shteerman knew or had reason to know of the City and SIK's alleged wrongful conduct forcing the sale of her property in 2021. Waiting for four years to file suit does not demonstrate the necessary diligence.

Shteerman argues that at the time of the sale she did not have reason to know that the buyer of her property was allegedly a City insider. But Shteerman acknowledges that she "does not allege that the sale was wrongful *solely* because of the buyer's identity," and instead alleges that "a coordinated conspiracy of City employees used regulatory power" including "daily fines" and "Notice of Violation campaigns" to force a distress sale. (Dkt. No. 83 at 6 (emphasis added).) Therefore, whether or not Shteerman was aware of all the alleged motives behind the conspiracy, she certainly had reason to know that the imposition of allegedly wrongful fines and notices was occurring, and was on inquiry notice to investigate her potential claims, including the identity of the buyer. Furthermore, while Shteerman points to unpled allegedly suspicious events that post-date the sale of the property, it is not necessary for Shteerman to know the "full extent of the injury" for the action to accrue. *See*, *e.g.*, *Johnson v. Mulligan-Pfile*, No. 25-cv-05076-BLF, 2026 WL 1961819, at *2–3 (N.D. Cal. May 27, 2026) (citing *Gregg*, 870 F.3d at

[5] Accrual of the Section 1983 claims is governed by federal law, and accrual of the state law claims is governed by California law, but the result is the same under either test. *See Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920–21 (Cal. 2005).

887).[6] Finally, Shteerman argues in her opposition brief that she suffers from diagnosed PTSD, which "tolls the statute of limitations during the period in which symptoms precluded the exercise of reasonable diligence." (Dkt. No. 83 at 25.) To the extent Shteerman seeks equitable tolling of the statutes of limitations on this basis, there are no factual allegations in the Complaint to support this theory.

Therefore, as pled, Shteerman's claims accrued by March 11, 2021, when her property sold, at the latest, and the statute of limitations on all of her claims had lapsed by the time she filed suit in 2025. Therefore, Defendants' Motions for Judgment on the Pleadings and Motion to Dismiss (Dkt. Nos. 77, 97) are **GRANTED**.[7]

Though it seems likely that amendment would be futile, dismissal is with leave to amend, because the record does not clearly foreclose the possibility. If Shteerman wishes to file an amended complaint correcting the deficiencies identified above, she shall do so by **October 19, 2026**. The amended complaint may not add new claims or parties, absent leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15. Because an amended complaint completely replaces the previous complaint, Shteerman must include in her amended complaint all the claims she wishes to present and all the facts she wishes to allege. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). She may not incorporate material from any prior complaint or other filings by reference. If no amended complaint is filed by that date, the complaint will remain dismissed with prejudice, judgment will be entered in favor of Defendants, and the case will be closed.

Because the statute of limitations defect would be case-dispositive, and it is not clear that

[6] The allegations in the Complaint do not support application of the continuing violation or fraudulent concealment doctrines, as all pled events occurred outside of the statute of limitations periods, and none of the pled events involve active concealment "above and beyond" the conspiracy itself. *Bird v. Dep't of Human Servs.*, 935 F.3d 738, 746 (9th Cir. 2019) (describing the requirements to show a continuing violation); *Lukovsky*, 535 F.3d at 1051–52 (describing requirements to show fraudulent concealment).

[7] Defendants' requests for judicial notice (Dkt. Nos. 78, 94, 97-1) are **DENIED AS MOOT** because this order does not rely on the attached materials.

Shteerman will be able to cure it through amendment, the Court declines to reach Defendants' other arguments at this time.

**IT IS SO ORDERED.**

Dated: September 21, 2026

RITA F. LIN
United States District Judge